Filed 6/27/22  P. v. Moreland CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID WAYNE MORELAND,<br><br>Defendant and Appellant. | B313686<br><br>(Los Angeles County<br>Super. Ct. No. NA045898) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Reversed and remanded with directions.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2001, a jury convicted appellant David Wayne Moreland of kidnapping to commit robbery, carjacking, possession of a firearm by a felon, and making terrorist threats. He was sentenced to 16 years plus life in prison, with eligibility for parole in October 2027.

In November 2020, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) recommended that the trial court recall appellant's sentence pursuant to Penal Code section 1170, subdivision (d)(1),[1] and resentence him based on his exemplary conduct and commitment to rehabilitation. The trial court declined to recall the sentence.

Appellant appeals from the trial court's denial of the Secretary's recommendation. While this appeal was pending, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540) was signed into law in October 2021 and became effective on January 1, 2022. (Stats. 2021, ch. 719.) The bill moved the recall and resentencing provisions of section 1170, subdivision (d)(1) to a new section, 1170.03, and revised its terms.

Both appellant and respondent Attorney General ask this court to reverse and remand to the trial court for reconsideration of the Secretary's recommendation under section 1170.03. We grant the request in the interest of judicial economy, and accordingly reverse and remand. As such, appellant's additional contentions raised under the former statute are moot.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. *Conviction*

We summarize the factual and procedural history of appellant's crime as set forth in our prior unpublished opinion, *People v. Moreland* (Dec. 27, 2001, B149370) [nonpub. opn.].

The victim was driving his van in Long Beach on the evening of July 29, 2000. When the vehicle in front of him, a black Cadillac, came to a sudden stop, the victim's van collided with the back of the Cadillac. The driver of the Cadillac got out, along with a passenger, who was later identified as appellant. The victim also exited his vehicle. The driver of the Cadillac demanded money from the victim to fix the dent in the Cadillac.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

When the victim said he had no money, the driver pointed a gun at the victim and said that they were going to go "find money." The driver handed the gun to appellant and got into the driver's seat of the van. Appellant got into the front passenger seat of the van, still holding the gun, and the victim got into the back seat. The driver and appellant threatened to shoot the victim if he did not get the money they wanted. After driving to multiple locations in an attempt to obtain money from several acquaintances of the victim, the driver and appellant dropped the victim off at his home and kept the van.

A jury convicted appellant of kidnapping to commit robbery (§ 209, subd. (b)(1), count 1); carjacking (§ 215, subd. (a), count 2); possession of a firearm by a felon (§ 12021, subd. (a), count 3); and making terrorist threats (§ 422, count 4). The jury found true the enhancement allegations that appellant personally used a firearm under sections 12022.53 (counts one and two) and 12022.5, subd. (a)(1) (counts one, two, and four). Appellant admitted that he served a prior prison term (§ 667.5, subd. (b)).

The trial court sentenced appellant to a total of 16 years in prison, plus a consecutive life term. The determinate term consisted of a five-year base term on count two, plus 10 years for the firearm enhancement under section 12022.53, subdivision (b), and one year for the prison prior. On count one, the court imposed a consecutive indeterminate term of life with the possibility of parole. The court also imposed a 10-year term for the firearm enhancement on count one, to run concurrently to the determinate portion of appellant's sentence. The court imposed and stayed a three-year term on count three pursuant to section 654, and imposed a concurrent term of three years and four months on count four. We affirmed appellant's conviction on appeal.

## II. *Request for Resentencing*

In November 2020, the trial court received a letter from the Secretary of the CDCR, recommending that the court recall appellant's sentence and resentence him pursuant to former section 1170, subdivision (d)(1). In the letter, the Secretary recommended resentencing appellant "based upon his exceptional conduct while incarcerated." Specifically, she stated that appellant had demonstrated "a sustained compliance with departmental rules, regulations, and requirements as well as prolonged participation in

3

rehabilitative programming." The Secretary also provided a "cumulative case summary and evaluation report," which summarized appellant's underlying offenses and prior criminal history and discussed his behavior and activities while incarcerated, as relevant to the factors set forth in former section 1170, subdivision (d)(1).

On December 3, 2020, the court issued a written ruling stating that it had "read and considered" the CDCR's letter but "decline[d] to follow the recommendation." The court found that appellant "committed this brazen, egregious crime a mere *three days* after being released from custody and placed on parole. His positive progress in custody will likely assist him when he is evaluated for parole but does not merit resentencing."

The trial court did not hold a hearing or provide any notice to the parties before denying the Secretary's recommendation. Appellant appealed the denial in September 2021.[2]

## DISCUSSION

Former section 1170, subdivision (d)(1), was originally enacted as "'an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun.'" (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210 (*McCallum*), quoting *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).) Among other things, it was intended to provide a mechanism for recalling a defendant's sentence and resentencing him "'at any time upon the recommendation of the secretary'" or certain other parties. (*McCallum, supra*, at p. 210.)

Former section 1170, subdivision (d)(1) did not impose any specific procedural requirements and was silent as to whether a trial court must provide notice or a hearing or appoint counsel before ruling on a recommendation from the Secretary. (*McCallum, supra*, 55 Cal.App.5th at p. 212; *Dix, supra*, 53 Cal.3d at p. 459.) Numerous recent cases have considered the requirements of due process under the former statute. (See, e.g., *People v. Williams* (2021) 65 Cal.App.5th 828, 834-835 [requiring notice and opportunity to be heard]; *People v. Mendez* (2021) 69 Cal.App.5th 347, 355 [requiring notice and opportunity to submit briefing and additional relevant

---

[2] We granted appellant's application for relief from default for failure to file a timely notice of appeal. ~(CT 85)~

4

information]; *McCallum, supra*, 55 Cal.App.5th at pp. 215-217 [hearing not required, but abuse of discretion to deny opportunity to present relevant information upon request].)

Assembly Bill 1540 became effective on January 1, 2022. As a result, the recall and resentencing provisions of former section 1170, subdivision (d)(1) were incorporated into newly enacted section 1170.03, which also included several additional requirements. Significantly, when recalling and resentencing under section 1170.03, the court is required to "apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1170.03, subd. (a)(2).) Section 1170.03 also provides that, where the Secretary submits a resentencing request, "[t]he court shall provide notice to the defendant and set a status conference within 30 days after the date that the court received the request," and "[t]he court's order setting the conference shall also appoint counsel to represent the defendant." (*Id*., subd. (b)(1).) In addition, "[r]esentencing shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection," (*id*., subd. (a)(8)) and "[t]he court shall state on the record the reasons for its decision to grant or deny recall and resentencing." (*Id*., subd. (a)(6).) Lastly, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (*Id*., subd. (b)(2).)

In their briefing on appeal, filed after enactment of section 1170.03, both parties requested that this court reverse and remand to the trial court for reconsideration of the Secretary's recommendation under the new statute. Appellant contends reversal is required both because Assembly Bill 1540 is a "clarifying amendment" intended to apply to transactions that predate it, and is retroactive under *In re Estrada* (1965) 63 Cal.2d 740. The Attorney General disagrees that the statute applies retroactively, but agrees that reversal is appropriate "under the circumstances of this case" and for "reasons of judicial efficiency."

We need not resolve the parties' dispute as to the retroactivity of the statute, because we agree that judicial economy warrants reversal and remand. As the Attorney General points out, even if this court were to decide

that section 1170.03 does not apply here, the Secretary could simply submit a new recommendation letter which would then be subject to the new law. As such, it would be a waste of judicial resources to decide this case under the former statute.

Further, we need not reach the merits of appellant's additional arguments under former section 1170 that the trial court violated his due process rights and otherwise abused its discretion in denying the request. Because the trial court will reconsider the request pursuant to the requirements of section 1170.03, appellant's remaining contentions are moot.

## DISPOSITION

The order denying the Secretary's recommendation is reversed. We remand with directions to reconsider the request under Penal Code section 1170.03.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:



WILLHITE, ACTING P.J.



CURREY, J.


6